UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT MANUEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV424 CDP |
| NORTHEAST FIRE PROTECTION DISTRICT, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Robert Manuel originally filed this action in the Circuit Court of St. Louis County, Missouri against his employer Northeast Fire Protection District (NFPD). Manuel claims that NFPD discriminated against him and wrongfully terminated him. NFPD removed the case to this Court asserting federal question jurisdiction. Manuel has filed a motion to remand, arguing that he brings only state-law claims. NFPD argues that Manuel raised a federal question because his state court petition claims a property interest in his employment and reputation, and that such a property interest can only exist under the United States Constitution. Because Manuel's right to relief does not necessarily depend on resolution of a substantial question of federal law, I will grant his motion to remand.

After Manuel was terminated from NFPD, he filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR). He

received a Right to Sue letter from the MCHR and then filed this case in the Circuit Court of St. Louis County, Missouri. The defendant timely removed and filed a motion to dismiss. Manuel then field a motion to remand and a motion to stay my ruling on the motion to dismiss.

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are only authorized to hear cases as provided by the United States Constitution or by statute. A defendant may remove an action from state court to federal district court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441(b). Here, the defendant removed on the basis of federal question jurisdiction. A defendant seeking removal and opposing remand has the burden of establishing proper jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). And any doubts about the propriety of removal are to be resolved in favor of remand. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Federal question jurisdiction exists in "all actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, specifically those actions where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 908 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr.*

*Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Under the well-pleaded complaint rule, a case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

Manuel's petition states that he had a property interest his employment and his reputation. The defendant argues that mentioning property interests created a federal question because "[t]he only legal basis to claim a property interest in public employment position is pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution." In support of that argument the defendant cites to *Morris v. Schirard*, No. 10-CV-1145, 2010 WL 3002052 (D. Colo. filed July 28, 2010). In *Morris*, the plaintiff's petition claimed deprivation of a property interest in her employment, and her motion for remand stated that although she intended to rely on the due process and takings provision in the Colorado Constitution, to the extent her claim may rest on federal law the claim was sound under 42 U.S.C. § 1983. The court held that because the plaintiff admitted that at least one of her claims may rest on federal law it was appropriate to assume it did. *Id.* at *1. It did not hold that the only basis for her claims were under federal law.

Manuel's case is distinguishable because he does not admit that his claim may rest on federal law. In fact, he vehemently contests federal jurisdiction in his motion for remand by citing to Article 1 § 10 of the Missouri Constitution which parallels the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Moore v. Bd. of Educ. of Fulton Pub. Sch. No. 58*, 836 S.W.2d 943, 947 (Mo. 1992); *Wilhoit v. Seay*, 248 S.W.3d 135, 139-40 (Mo. App. Ct. 2008). Further, while due process is afforded by way of those constitutional provisions, "[p]roperty interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.' " *Cole v. Conservation Comm'n*, 884 S.W.2d 18, 20 (Mo. Ct. App. 1994) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

Under Missouri law, a public employee has a property right in continued employment under certain circumstances. *Daniels v. Bd. of Curators of Lincoln Univ.*, 51 S.W.3d 1, 6 -7 (Mo. Ct. App. 2001). At-will employees have no property rights in their employment, *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 101 (Mo. 2010), but there is an exception for at-will employees who may recover for wrongful discharge if terminated for a reason that contravenes public policy, *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. 2010). So, under Missouri law a public employee might have a property interest in continued

employment and even if a public employee is unable to establish a property interest there might still be a basis to recover for wrongful discharge. I need not decide whether Manuel has a property interest in continued employment, whether he was an at-will employee, or whether his allegations meet the public policy exception. I do find, however, that NFPD's grounds for removal – that the only legal basis to claim a property interest in public employment is under the United States Constitution – are faulty. And because a property interest is not required to recover for wrongful discharge under Missouri law, Manuel's claim does not necessarily depend on resolution of a substantial question of federal law.

I will not rule on the pending Motion to Dismiss because when a case is remanded for lack of jurisdiction, the district court lacks jurisdiction to make any substantive rulings. *Vincent v. Dakota, Minn. & E.R.R. Corp.*, 200 F.3d 580, 582 (8th Cir. 2000). Finally, I will exercise my discretion to require NFPD to pay Manuel's attorneys fees caused by the improvident removal. Under 28 U.S. C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is discretionary, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005), and granted "only where the removing party lacked an objectively reasonable basis for seeking removal[,]" *Id.* at 141. I believe an award of fees and

expenses is warranted in this case. Even a cursory examination of this area of the law should have given NFPD pause before removing this case.

Accordingly,

**IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to stay my ruling on the defendant's motion to dismiss [#13] is **DENIED** as moot.

2.  Plaintiff's Motion to Remand [#10] is **GRANTED** and the Clerk of Court shall Remand this case to the Circuit Court of St. Louis County, Missouri from which it was removed.

3.  Plaintiff's request for attorney's fees incurred in conjunction with the removal of this case is **GRANTED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2011.