UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MANUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV424 CDP |
| | ) | |
| NORTHEAST FIRE PROTECTION DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Defendant has asked me to reconsider my award of attorneys' fees imposed when I remanded this improvidently removed case. I will deny the motion to reconsider because I believe defendant did not have an objectively reasonable basis for its claim of federal jurisdiction. Unlike the cases defendant cites, the state court petition in this case made no reference to the United States Constitution or federal law.

Defendant appears to argue that I must *also* find that it removed the case for the purpose of prolonging the litigation and imposing costs on the plaintiff. While the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) discussed the policy goal of deterring removals "sought for the purpose of prolonging litigation and imposing costs on the opposing party," 546 U.S. at 141,

the Court did not say that a remanding court could only impose fees if it made a specific finding that defendant removed with the express purpose of increasing costs and delay. Where, as here, the removal lacked an objectively reasonable basis for invoking federal jurisdiction, ordering attorneys fees furthers the objective of deterring parties from removing cases for the purpose of increasing delay and costs. And, of course, the removal in this case *has* increased the delay and expense of the case, for no objectively reasonable basis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reconsider [#15] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2011.